# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Brandon Alberhasky    *Plaintiff* | ) ) ) | |
| v. | ) ) | Case No.  3:19-CV-540-CHB |
| Service Financial Company *Assumed name for* River City Adjustment Bureau, Inc.    *Defendant* Serve:    Amanda L. Baker    2701 Lindsay Avenue    Louisville, KY 40206 | ) ) ) ) ) ) ) ) ) ) ) ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Brandon Alberhasky as a consumer against Defendant Service Financial Company, assumed name for River City Adjustment Bureau, Inc., seeking damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d). Venue is proper because the nucleus of relevant facts and events at issue in this case arose in Jefferson County, Kentucky where Plaintiff resides and which is located in this district.

### PARTIES

3. Plaintiff Brandon Alberhasky is a natural person who resides in Jefferson County, Kentucky. Mr. Alberhasky is a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant Service Financial Company ("SFC") assumed name for River City Adjustment Bureau, Inc. is a Kentucky corporation registered with the Kentucky Secretary of State

engaged in the business of purchasing debts from creditors and collecting these debts in this state with its principal place of business located at 4641 Dixie Highway Louisville, KY 40216.

5. SFC is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. Further, SFC operates as the collection arm of River City Adjustment Bureau, Inc. Consequently, River City Adjustment Bureau, Inc. uses SFC in such a way that it appears that is a third party on River City Adjustment Bureau, Inc.'s behalf, rendering it a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

## FACTS

6. On or about May 7, 2013, Plaintiff Brandon Alberhasky purchased a 2003 Toyota Echo from AutoSmart 2 ("AutoSmart") located at 6626 Preston Highway, Louisville, KY 40219.

7. Mr. Alberhasky financed the purchase of the vehicle by entering into a Retail Installment Contract and Security Agreement ("RICS").

8. Mr. Alberhasky used the Toyota Echo exclusively for personal, family and household purposes, which makes the AutoSmart auto loan a "debt" within the meaning of the FDCPA.

9. Mr. Alberhasky suffered a financial setback and could keep making payments on the loan for the Toyota Echo. He defaulted on payments no later than June 2013.

10. The RISC is subject to three assignments. The last assignment was from Auto Venture Acceptance, LLC to River City Adjustment Bureau, Inc. on October 10, 2016.

11. The RISC had been in default for over three years when Defendant Service Financial Company ("SFC") the assumed name of River City Adjustment Bureau, Inc., acquired it.

12. SFC filed a lawsuit against Mr. Alberhasky on December 14, 2016 in the case of *Service Financial Company v. Brandon Alberhasky*, Jefferson District Court, Jefferson County, Kentucky, Case No. 16-C-012544 in an attempt to collect the AutoSmart debt from him (the "State Court Lawsuit"). A true and accurate copy of SFC's complaint in the State Court Lawsuit, including the RICS which was attached as an exhibit, is attached as Exhibit "A."

13. SFC obtained a default judgment against Mr. Alberhasky in the State Court Lawsuit

on June 5, 2017 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached hereto as Exhibit "B."

14. The Default Judgment awarded SFC in pertinent part:

> **IT IS AGREED, ORDERED, AND ADJUDGED** that the Plaintiff shall recover of the Defendant, BRANDON ALBERHASKY, the sum of $3,949.08, with finance charge thereon at the rate of 19.9900% per annum from June 24, 2013 which totals $3,090.64, plus attorney fees in the amount of $592.36, pursuant to statute, all together for a judgment balance of $7,632.08, and costs herein expended, with post-judgment interest at the rate of 12.0000% per annum, pursuant to KRS 360.040, until paid.
>
> This is a final judgment and there is no just reason for delay in its entry.

15. On February 8, 2018 SFC filed a bill of costs in the State Court Lawsuit (the "Bill of Costs"). A true and accurate copy of the Bill of Costs is attached as Exhibit "C."

16. The Bill of Costs included costs for postage and two fees for filing a judgment lien which are not recoverable as court costs under Kentucky law.

17. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky. R. Civ. P. 54.04(2).

18. The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

19. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

20. Under Kentucky law a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

21. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, Civil Procedure, Rule 54.04 (online version accessed March 3, 2017).

22. There 248 days between June 5, 2017, the date that Default Judgment was entered against Mr. Alberhasky, and February 8, 2018, the date on which SFC filed the Bill of Costs.

23. 248 days is not a reasonable time in which to file a bill of costs.

24. On March 8, 2019, SFC filed a wage garnishment in the State Court Lawsuit in an attempt to collect the Default Judgment and served a copy on Mr. Alberhasky's employer (the "Wage Garnishment"). A true and accurate copy of the Wage Garnishment is attached as Exhibit "D."

25. The Wage Garnishment provides in pertinent part:

| JUDGMENT DEBTOR: | JUDGMENT CREDITOR: Service Financial Company |
|---|---|
| Brandon Alberhasky | Amount Due: $9,342.76, plus interest |
| | Probable Court Costs: $26.10 |
| | Judgment Date: June 5, 2017 |
| | Creditor's Attorney: DEATRICK & SPIES, P.S.C. P.O. Box 4668 Louisville, KY 40204 (502) 583-9607 |

26. The Wage Garnishment includes court costs that SFC waived the right to collect from Mr. Alberhasky by failing to file a timely bill of costs.

-4-

27. The Amount Due of "$9,342.76, plus interest" misrepresents **(i)** the amount of the debt by included waived court costs, and **(ii)** the character and status of the debt. As to the second point, the $9,342.76 includes accrued post-judgment interest. So, no additional interest is due and owing as of the date of the Wage Garnishment. Continuing as to the second point, under Kentucky law, post-judgment interest may only be compounded annually. So, if "plus interest" is construed to mean ongoing post-judgment interest, then "$9,342.76, plus interest" incorrectly compounds post-judgment interest as of the date of the Wage Garnishment rather than compounding post-judgment interest on the anniversary date of the Default Judgment.

28. SFC violated the FDCPA by **(i)** filing an untimely Bill of Costs in the State Court Lawsuit; **(ii)** including expenses in its Bill of Costs that are not recoverable as court costs under Kentucky law;  **(iii)** by filing a wage garnishment that includes court costs it has no legal right to recover; and **(iv)** misrepresenting the character, status, and amount of the Default Judgment in the Wage Garnishment, which violations created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

29. The allegations and actions set forth *supra* of Defendant Service Financial Company, assumed name for River City Adjustment Bureau, Inc. ("SFC"), constitute violations of the Fair Debt Collection Practices Act which violations include, but are not limited to, violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brandon Alberhasky requests that the Court grant him relief as follows:

1. Award Plaintiff the maximum amount of statutory damages under the FDCPA, 15 U.S.C. §1692k;

2. Award Plaintiff his actual damages;

3. Award Plaintiff his attorney's fees, litigation expenses and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Submitted by:

/s/ James McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com